## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CHERRY YOLANDA BELL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:23-cv-00267-SEP |
| ) | |
| EMPLOYMENT CONNECTION, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff Cherry Yolanda Bell's second Motion to Appoint Counsel, Doc. [14]. For the reasons set forth below, the motion is denied.

### BACKGROUND

Plaintiff alleges in her Complaint that she experienced employment discrimination on the basis of her race and sex, and was terminated in retaliation for her complaints. Doc. [1] at 5. In response to the Complaint, Defendant filed a motion to dismiss. *See* Doc. [12]. Rather than respond to the motion to dismiss, Plaintiff filed the instant motion to appoint counsel, and an accompanying motion for extension of time to respond to Defendant's motion, Doc. [15].

### LEGAL STANDARD

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *See Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams*, 788 F.2d 1219, 1322 (8th Cir. 1986). When determining whether to appoint counsel for an indigent litigant, the United States Court of Appeals for the Eighth Circuit has instructed courts to consider the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Id.* (citing *Phillips*, 437 F.3d at 794).

### DISCUSSION

Plaintiff has not shown that she cannot adequately present her claims to the Court.

Additionally, nothing in her motion or the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel in this matter. Thus, the Court will deny the motion without prejudice at this time. Plaintiff is advised to look to the resources the Court has collected for pro se litigants on its website at https://www.moed.uscourts.gov/self-represented-litigants-srl and the information on the Eighth Circuit Law Library's website at https://www.lb8.uscourts.gov.

Even though Plaintiff is not represented by counsel, she still must respond to Defendant's motion to dismiss. "Pro se litigants are not excused from compliance with substantive and procedural law," including the Federal Rules of Civil Procedure and the Court's Local Rules. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). Typically, a response to a motion to dismiss would be due 14 days after the motion was filed. *See* E.D. Mo. L.R. 4.01. Here, Plaintiff filed her motion for an extension of time to respond to Defendant's motion almost one month after Defendant filed its motion to dismiss. However, in consideration of Plaintiff's pro se status, the Court will allow Plaintiff an additional 30 days from the date of this Order to respond to the motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Appoint Counsel, Doc. [14], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time, Doc. [15] is **GRANTED**.

**IT IS FINALLY ORDERED** that Plaintiff must respond to Defendant's motion to dismiss, Doc. [12], within **30 days** of the date of this Order.

Dated this 22nd day of December, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE