UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHERRY YOLANDA BELL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-00267-SEP |
| EMPLOYMENT CONNECTION, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. Doc. [12]. For the reasons set forth below, Defendant's motion is granted.

**FACTS AND BACKGROUND**

Plaintiff alleges in her Complaint that she experienced employment discrimination on the basis of her race and sex and was terminated in retaliation for her complaints. Doc. [1] at 5. She filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and on February 10, 2023, the EEOC sent her a Determination and Notice of Rights, advising her that she had 90 days in which to file a lawsuit under federal law. Doc. [1-3],

Plaintiff filed this action on March 2, 2023. Doc. [1]. In her Complaint, she alleges that she was "sexually harassed on multiple occasions" by Bernard Hatley. *Id*. at 5. She also alleges that she was "harassed on multiple occasions by Tamera Williams." *Id*. She further alleges that she was "harassed by [her] supervisor Karla Humphrey on December 8th, 2022," after which she verbally complained to Defendant's Vice President, David Kessel, and its Chief Executive Officer, Sal Martinez. *Id*. She claims that Kessel asked her to put her complaint in writing, which she did on December 12, 2022, and was then fired on December 14, 2022. *Id*. Finally, she asserts that Humphrey retaliated against her by refusing to pay money owed to her and by "making up false complaint letters." *Id*. at 6.

In her written complaint to Kessel, which Plaintiff filed as an exhibit to her Complaint, she provides more detail about her alleged mistreatment at work. Doc. [1-3] at 5. She alleges that her supervisor, Williams, harassed her by monitoring her work attire, asking where she purchased her clothing how much she paid for it. *Id*. According to Plaintiff, Williams once "stated in an aggressive tone, 'Karla said we gave you a job, we not [sic] giving you nothing

else!'" *Id*. She also states that Williams "became upset when she discovered I own a Lexus SUV," and suggested that Plaintiff should "sell [her] vehicle for a least [sic] dependable car, and use the remainder of the funds to purchase gas." *Id*. She accuses Williams of "twisting" Plaintiff's words, resulting in "multiple arguments" that created a "hostile environment." *Id*. And she claims that she took Williams out to lunch in an effort to "resolve any issues," but Williams's "behavior towards [her] never changed." *Id*. Plaintiff states that "the negative feedback [she] received has been very disappointing," and that she was "mentally/emotionally drained and no longer fe[lt] comfortable working in [her] department." *Id*. at 6.

In response to the Complaint, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. [12]. Rather than respond to the motion to dismiss, Plaintiff filed a motion to appoint counsel, Doc. [14], and an accompanying motion for extension of time to respond to Defendant's motion, Doc. [15]. On December 22, 2023, the Court denied Plaintiff's motion to appoint counsel and granted her request for an extension of time, ordering her to respond to Defendant's motion to dismiss within 30 days. Doc. [19]. Plaintiff did not respond to Defendant's motion within the allotted time; instead, she filed another motion for appointment of counsel, in which she asserts that she has a constitutional right to counsel. Doc. [21]. As noted in the Court's December 22, 2023, Order, in civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *See* Doc. [19]; *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). Because Plaintiff has not filed any opposition to Defendant's motion to dismiss and the time to do so has passed, the motion is ripe for ruling.

## LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations to be true and construes all reasonable inferences in favor of the nonmoving party. *See Neitzke v. Williams*, 490 U.S. 319, 338 (1989).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, the complaint must allege facts supporting each element of the plaintiff's claims, and the claims cannot rest on mere speculation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Specifically, the complaint "must allege more than '[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Twombly*, 550 U.S. at 556.

## DISCUSSION

Defendant argues that Plaintiff's Complaint must be dismissed because it contains nothing more than vague and conclusory allegations of discrimination and harassment and fails to state facts sufficient to support a plausible claim for relief.[1] Doc. [13] at 5. The Court agrees.

To establish a prima facie case of race or gender discrimination under Title VII, a plaintiff must show that "(1) she is a member of a protected class; (2) she met her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Yang v. Robert Half Intl'l, Inc.,* 79 F.4th 949, 964 (8th Cir. 2023). "At the pleading stage in the discrimination context, it is unnecessary to plead enough facts to establish a prima facie case," but a plaintiff must nonetheless provide "sufficient factual allegations to provide the grounds on which the claim rests." *Ingram v. Arkansas Department of Correction*, 91 F.4th 924, 927 (8th Cir. 2024).

Plaintiff's Complaint is devoid of factual allegations supporting the elements of her claims. She baldly states that she was harassed by Williams and Humphrey and that she was sexually harassed on multiple occasions by Hatley, but she does not plead *any* facts from which the Court could infer she was harassed or discriminated against because of her gender or race. She also fails to plead any facts that could support a finding she was subjected to unwelcome sexual harassment. The Complaint fails to "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face,'" but rather, alleges no more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In the letter to Kessel that Plaintiff attached to her Complaint, she provides

---

[1] Defendant also argues that Plaintiff failed to exhaust her administrative remedies with respect to racial discrimination. Doc. [13] at 4. Because the Court finds that Plaintiff's Complaint must be dismissed in its entirety for failure to state a claim that is plausible on its face, it need not address Defendant's argument regarding administrative exhaustion of her allegations of race discrimination.

3

more detail about the alleged harassment she experienced at the hands of her supervisor, Williams, but again she includes no facts that could support an inference that Williams or anyone else discriminated against her on the basis of her race or sex. *See* Doc. [1-3] at 5-6. She does not mention sexual harassment in the letter, nor does she describe any interactions with Hatley. Plaintiff's minimal factual allegations "are insufficient, even at the motion to dismiss stage, to allow [the Court] to draw the reasonable inference that [Defendant] discriminated against her based on her race or sex." *Ingram*, 91 F.4th at 929 (citing *Iqbal*, 556 U.S. at 679).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint for failure to state a claim, Doc. [12], is **GRANTED.**

A separate Order of Dismissal will accompany this Memorandum and Order. Dated this 25th day of March, 2024.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE